

# The Attorney General of Texas

September 4, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Chairman
Senate Education Committee
Texas Senate, State Capitol
Austin, Texas 78711

Opinion No. MW-232

Re: Allocation of funds from student services fees to student directed nonprofit corporations engaged in public interest research activities

Dear Senator Mauzy:

You have requested our opinion regarding the allocation of funds from student services fees to student directed nonprofit corporations engaged in public interest research activities.

Prior to its amendment by the 66th Legislature, Acts 1979, 66th Legislature, chapter 756, at 1872, section 54.503(b) of the Education Code provided, in pertinent part:

> The governing board of an institution of higher education may charge and collect from students registered at the institution fees to cover the cost of student services which the board deems necessary or desirable in carrying out the educational functions of the institution. The fee or fees may be either voluntary or compulsory as determined by the governing board.

(Emphasis added). In 1979 the Legislature deleted the underlined portion of the statute. You ask whether this deletion affects the constitutionality of section 54.503(b), as applied to public interest research activities.

In Letter Advisory No. 6 (1973), this office concluded that the governing board of an institution of higher education:

> might validly determine, in the reasonable exercise of their delegated legislative discretion, that public interest research activities constitute student services 'necessary or desirable in carrying out the educational functions of the institution', and collect voluntary student fees to cover the cost thereof.

The opinion said that the determination required by the statute, that the board deem the activity "necessary or desirable in carrying out the education functions of the institution," was essentially a version of the public purpose test. As was indicated in the opinion:

> [e]xpenditures for a true public purpose do not violate Article 3, §51 of the Constitution [prohibiting grants of public money to corporations or individuals], even when a private agency is used to achieve the purpose.

In our opinion, the deletion of the referenced language from section 54.503(b) of the Education Code does not affect its constitutionality. Even though the governing board may no longer be required to make the determination formerly directed by statute, the board, in order to authorize the expenditure, must nevertheless find that it will serve a valid public purpose. Although Letter Advisory No. 6 was limited to activities funded by voluntary, rather than compulsory fees, the statute makes no such distinction, and in our view, article III, section 51 of the state constitution does not require such a distinction. So long as the board properly makes a determination that the expenditure will serve a valid public purpose, we believe it may allocate funds from student services fees to student directed nonprofit corporations engaged in public interest research activities.

## SUMMARY

*So long as the governing board of an institution of higher education makes a determination that the expenditure will serve a valid public purpose, it may allocate funds from student services fees to student directed nonprofit corporations engaged in public interest research activities.*

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Peter Nolan